## DAVID BRYCE v. LUDOVIC S. KING.

*Ejectment—Question for the jury.*

A case of ejectment cannot be taken from the jury where the fact of possession is in question; and where, if there was possession, it was explainable as a tenancy that had not been terminated by notice; or where the defendant denies ever having set up any claim; or where the testimony is such that there is a question as to the extent and shape of the land in dispute.

Error to St. Clair. Submitted June 17. Decided June 23.

EJECTMENT. Defendant brings error. Reversed.

*Brown & Farrand* for plaintiff in error.

*Whipple & Voorheis* for defendant in error.

CAMPBELL, J. In this case King sued Bryce in ejectment for a small parcel of land called in the declaration about a foot wide, and claimed to lie between the line of land owned by Bryce, and a lot lying west of it. It appears, if there is any such space, that it once formed part of a lot which Bryce held under lease and afterwards purchased, that extended beyond the 42 feet in width which was the measure of the

lot he now owns.   Upon the testimony it appeared that in 1855 he took a lease till 1858; and that in 1857 he got a further three-year lease running from April, 1858, with a provision whereby the lessor was to purchase and to pay for his buildings.   After this second lease was granted, but during the continuance of the first term, on the 14th of July, 1857, the lessor conveyed to Peter and John P. Sanborn, who, during the same month, on the 23d, conveyed to him 42 feet in width.   If there was any excess over this, Bryce does not claim to own it.   In 1876, the Sanborns quit-claimed this narrow strip to the plaintiff below.

The deeds all refer to two streets, Walter and Military streets in Port Huron, as the starting point, where they intersect.   The excess is claimed by Bryce to be due to the uncertainty of the former location of these streets.

The court below directed the jury to find a verdict for one and two-tenths feet of land.

We think there were several facts on which the case should have gone to the jury.   The testimony concerning not only the width but also the shape of the gore, if there is one, presents difficulties.   The streets are said by some testimony to make an angle of ten degrees, varying from a right angle, and a strip one foot or fourteen inches wide in front would come to a point before it reached any considerable distance back.   A little change in street lines would close up the whole premises.   Moreover Bryce testified he never set up any claim beyond his own lot, and if so, there was no cause of action against him, if there was nothing to prevent plaintiff below from taking possession.   The fact of possession was not admitted.   And if there was possession it was open to the claim that it was a tenancy under a rightful entry by lease, which had never been terminated by notice.

It is enough that there were facts which the court could not decide instead of the jury.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.